UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MONOLETO DELSHONE GREEN, )
)
Plaintiff, )
)
v. ) No. 3 05 0943
) Judge Campbell
JENNING JONES, ET AL., )
)
Defendants. )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Turney Center Industrial Prison and Farm in Only, Tennessee ("Turney Center"). He brings this action under 42 U.S.C. § 1983 against Jenning Jones, Assistant District Attorney General for the 16th Judicial District, Sergeant Mark Sloan, a Lavergne police officer, and John Driver, Assistant Public Defender for the 16th Judicial District. The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the First, Fourth, Sixth, and Fourteenth Amendments. In his demand for relief, the plaintiff also seeks to have "the Court to overturn [his] conviction."

The plaintiff's complaint pertains to the circumstances surrounding his July 2001 arrest and the subsequent criminal proceedings. (Complaint, ¶ IV, pp. 6-7 & 7 cont.) The plaintiff raises the following specific claims: 1) his July 2001 arrest was unlawful because there was no probable cause, but was based on racial profiling (Complaint, ¶ IV, pp. 6-7); 2) his subsequent guilty plea was unknowing and involuntary because defendant Jones "lied" about exculpatory evidence pertaining to the confidential informant whose information led to the plaintiff's arrest (Complaint, ¶ IV, pp. 6-7); 3) the post-conviction proceedings in his case were "ineffective" (Complaint, ¶ IV, p. 7); 4) defendant Driver provided ineffective assistance of counsel (Complaint, ¶ IV, p. 7); 5) had it not been for his allegedly unlawful arrest, the plaintiff would not have become "insane," the alleged

consequence of which was that he committed several felonies after being released on bond from the Rutherford County Jail.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).

It is clear from the complaint that the petitioner's claims stem from a conviction in state court. Although the plaintiff provides no information regarding this conviction, research reveals that he was convicted for the sale of cocaine. *See Monoleto D. Green v. State of Tennessee*, No. M2003-00998-CCA-R3-PC, 2004 WestLaw 816744 (Tenn. Crim. App.). In agreeing to plead guilty to one count of the sale of Cocaine, the plaintiff received "three years as a Range I offender, to be served on probation except for 30 days of jail confinement. At the time of the plea . . . the net effect was his immediate release from confinement." *Id.* at * 1. Although he was released from custody, the plaintiff nevertheless sought state post-conviction relief, albeit unsuccessfully. *Id.*

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v.*

2

*Rodriguez*, 411 U.S. 475, 488-90 (1973). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). A state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

The plaintiff does not assert that the conviction regarding which this complaint pertains has been favorably terminated. On the other hand, in *Green v. State, supra* at p. 2, the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court in denying the plaintiff's application for state post-conviction relief. *Green*, 2004 WestLaw 816744 at *4. Moreover, there is nothing in the complaint or from which it can be even liberally construed that the plaintiff pursued the matter further.

As explained above, the plaintiff has failed to establish that the conviction with respect to which this complaint pertains has been favorably terminated. Consequently, this action will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

*/s/ Todd Campbell*
Todd Campbell
United States District Judge

3